IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Warren Featherstone,** <br> **2511 Brockton Court.** <br> **Columbus, Ohio 43219** | : <br><br> : | Case No. <br><br> Judge: |
| **Plaintiff,** | : | Magistrate: |
| v. | : | **Complaint for Damages** |
| **NCO Financial Systems, Inc.** <br> **c/o C –T Corporation System,** <br> **1300 East Ninth Street** <br> **Cleveland, Ohio 44114** <br><br> **Defendant.** | : <br><br> : <br><br> : <br><br> : | |

## COMPLAINT FOR DAMAGES

Now comes Warren Featherstone ("Plaintiff") and sets forth below, his COMPLAINT against Defendant, NCO Financial Systems, Inc. as follows:

### Jurisdiction And Venue

1. This Court has subject matter jurisdiction over this matter pursuant doctrine of federal question, and specifically *15 U.S.C. §1692 et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

2. The Court also takes supplemental jurisdiction of all state law claims mentioned herein and specifically those stated pursuant to the common law tort of invasion of privacy.

3. The Court has personal/territorial jurisdiction over this Defendant by virtue of its contacts with Plaintiff in Ohio and/or its specific presence in Ohio.

4. The venue of this action is appropriate in this forum pursuant to *28 U.S.C. §1404.*

**Factual Allegations Applicable To All Counts**

5. On or around September 24, 1987, Plaintiff signed a student loan agreement for $2,500.00 with First Independent Trust Co. of Carmichael, California.

6. A true and accurate copy of this loan agreement is attached hereto as Exhibit A.

7. The proceeds for this loan agreement were given to the Student Financial Aid Office at M.T.A. Inc, an educational institution which instructs its students in the operation of large transport vehicles to pay Plaintiff's tuition.

8. Upon information and belief, Plaintiff's loan was assigned for collection to Asset Management Services, Inc., of Syosset, New York.

9. Plaintiff negotiated a full settlement of his obligations on the loan with Asset Management Services, Inc. on February 22, 2007.

10. On or about November 13, 2007, Plaintiff received a communication in the form of a letter from OSI Education Services, Inc., asserting that Plaintiff owed Eight Thousand Seven Hundred Thirty One Dollars and Seventy Nine Cents ($8,731.79).

11. This communication also contained an "Order of Withholding From Earnings" which instructed Plaintiff's employer, Hogan Transports, Inc., located at 85 Corporate Woods D. St. Louis, Missouri, 63101 to garnish a portion of Plaintiff's wages until the amount alleged to be owed was paid off and to pay the garnished sums to OSI Education Services, Inc. as they were the agent for the Illinois Student Assistance Commission.

12. This Order alleged that the amount due and owing was Eight Thousand Seven Hundred Seventy Dollars and Sixty Five Cents ($8,770.65).

13. A true and accurate copy of this letter is attached hereto as Exhibit B.

14. Garnishment of Plaintiff's wages began in October of 2007.

15. Plaintiff contacted Asset Management Services, Inc. and requested evidence from them that he had paid off his loan in full.

16. Attached hereto as Exhibit C is a true and accurate letter from Asset Management Services, Inc. drafted upon December 19, 2007, responding to Plaintiff's request which states that "the accounts listed above has [sic] been settled in full as of February 22, 2007."

17. Plaintiff sent a copy of Exhibit C to OSI Education Services, Inc. and the garnishment of his wages stopped shortly thereafter.

18. Plaintiff is uncertain as to how much of his wages were improperly converted, but estimates the amount to be at least $372.00.

19. Plaintiff never received his $372.00 back.

20. OSI Education Services, Inc. then sent Plaintiff another written communication on or about December 27, 2007 again asserting that his student loan was in default.

21. A true and accurate copy of this letter is attached hereto as Exhibit D.

22. On or about January 11, 2008, more of Plaintiff's wages were again taken pursuant to an administrative wage garnishment.

23. This garnishment continued at least through the end of January 2008 and another $170.00 was taken from the Plaintiff's paychecks.

24. On or about May 13, 2008, or perhaps earlier, more of Plaintiff's wages were again taken pursuant to an administrative garnishment and such garnishment has continued until at least December 1, 2008.

25. In July of 2008, Plaintiff's counsel wrote to OSI Education Services, Inc., to inform them that the amounts sought were not correct in that the loan had been fully paid off.

26. A true and accurate copy of this letter has been attached hereto as Exhibit E.

3

27. Neither Plaintiff nor his counsel received any response from OSI Education Services, Inc.

28. Plaintiff's counsel did receive yet another letter drafted on July 23, 2008 from Defendant NCO Financial Systems, Inc. (hereinafter "NCO"), which stated that Plaintiff still owed $8,202.19 on the loan. A true and accurate copy of this letter is attached as Exhibit F.

29. This letter further asserted that Defendant NCO was formerly known as OSI Education Services, Inc.

30. Defendant NCO then sent two more letters on February 3, 2009 asserting that $7,356.56 was still owed on the account.

31. True and accurate copies of these February 2009 letters are attached hereto as Exhibits G and H.

32. Defendant NCO has never responded to the issues addressed in the letter attached hereto as Exhibit C which was sent to Defendant NCO.

## COUNT I – FDCPA VIOLATIONS

33. All statements made in all preceding paragraphs are hereby incorporated into this COUNT by this reference.

34. NCO is a "debt collector" within the meaning of *15 U.S.C. §1692a(6)*.

35. Plaintiff is a "consumer" within the meaning of *15 U.S.C. §1692a(3)*.

36. The disputed debt is a "debt" within the meaning of *15 U.S.C. §1692a(5)*.

37. Defendant NCO is vicariously liable for the actions of OSI Education Services, Inc.

38. Defendant NCO's sending of dunning, form letters to Plaintiff, were "communications" within the meaning of *15 U.S.C §1692a(2)*.

39. Defendant NCO had an obligation to Plaintiff to comply with the requirements of the FDCPA, and failed to do so in the following ways:

4

    a. NCO falsely represented the character, amount, and legal status of the debt in violation of *15 U.S.C. §1692e(2)(A)* by representing that Plaintiff owed the debt after it had already been settled in full.

    b. NCO committed unfair collection practices in violation of *15 U.S.C. §1692f* (i) by attempting to collect amounts not expressly authorized by the agreement.

    c. NCO further violated the FDCPA by failing to conform to the requirements concerning validation of debts pursuant to *15 U.S.C. §1692g*. Specifically, NCO failed to cease collecting after Plaintiff put it on notice of his dispute.

40. NCO is liable to Plaintiff for $1,000.00 in statutory damages, and/or all of Plaintiffs actual damages which at this point appear to be Two Thousand One Hundred Ninety Six Dollars ($2,196.00), but which may be more depending upon what discovery reveals, Plaintiff's costs, and Plaintiff's attorney fees.

## COUNT II – DEFENDANT NCO'S VIOLATION OF THE OCSPA

41. All statements made in all preceding paragraphs are hereby incorporated into this COUNT by this reference.

42. NCO is a "supplier" within the meaning of *R.C. §1345.01(C)* because it engaged in the business of "effecting a consumer transaction" with Plaintiff in Ohio.

43. Plaintiff is a "consumer" within the meaning of *R.C. §1345.01(D)*.

44. NCO's attempted collection of the disputed debt was a "consumer transaction within the meaning of *R.C. §1345.01(A)*.

45. NCO committed unfair and deceptive consumer trade practices in Ohio when it violated Plaintiff's consumer rights under the FDCPA.

46. NCO violated the OCSPA by engaging the same unlawful collecting tactics.

5

47. NCO is liable to Plaintiff for $200.00 in statutory damages for each violation, or three (3X) the amount of Plaintiff's actual damages, actual damages being Two Thousand One Hundred Ninety Six Dollars ($2,196.00), which ever is greater.

48. NCO is also liable for Plaintiff's costs and reasonable attorney fees.

### COUNT III – NCO'S INVASION OF PLAINTIFF'S PRIVACY

49. All statements made in all preceding paragraphs are hereby incorporated into this COUNT by this reference.

50. Under Ohio law, Plaintiff enjoys a common law right to personal privacy.

51. NCO invaded Plaintiff's personal privacy by attempting to communicate/collect a debt to which Plaintiff has no legal obligation to pay.

52. NCO continued to violate Plaintiff's rights by repeatedly sending letters and taking wages from Plaintiff's paycheck despite being put on notice that the amounts were not due.

53. NCO's actions were (and continue to be) contrary to Ohio common law, and NCO should be punished to deter it from taking such actions against Plaintiff again, or against other similarly situated Ohio consumers.

54. Plaintiff seeks recovery of his actual and statutory damages under the aforementioned laws, and seeks an additional twenty (20X) times multiplier thereof as punitive damages.

### COUNT IV. DEFENDANT'S CONVERSION OF PLAINTIFF'S PROPERTY

55. All statements made in all preceding paragraphs are hereby incorporated into this COUNT by this reference.

56. Defendant NCO has exercised wrongful dominion and control over the property (in this case the wages) of Plaintiff in a manner inconsistent with the rights of the owner, the Plaintiff in this action.

57. Defendant has continued to exert such wrongful dominion and control even after a demand has been made for the return of the money taken from him.

58. These acts were done by NCO either intentionally or with such reckless disregard for the truth that intention can be inferred.

59. Plaintiff has suffered damages in the amount of at least Two Thousand One Hundred Ninety Six Dollars ($2,196.00).

WHEREFORE, Plaintiff demands civil judgment against Defendant NCO in an amount in excess of $25,000.00, punitive damages in an amount that will deter the Defendant from such future action and as the evidence may show are warranted, attorneys fees pursuant to the Fair Debt Collection Practices Act, Ohio's Consumer Sales Practices Act and pursuant to common law, treble damages pursuant to Ohio's Consumer Sales Practices Act and for all other legal or equitable relief to which he may be entitled. Plaintiff demands that a trial of this matter be heard before the requisite number of jurors.

Respectfully submitted,

/s/     James E. Nobile
James E. Nobile (0059705)
Eric E. Willison (0066795)
**Nobile & Thompson, L.L.C.**
4511 Cemetery Rd., Suite B
Hilliard, Ohio 43026
(614) 529-8600
(614) 529-8656 (fax)
jenobile@ntlegal.com
Attorneys For Plaintiff